By the Court.*
Tappeh, J.
[After stating the facts].—There is no doubt an action could have been maintained on the contract. The questions are, whether the action could have been maintained on the ground of deceit, and whether the p oof justifies a verdict for the plaintiff on that ground.
It was shown that the defendant Conover himself, proposed making the additions or footings, and he had the book at home for several nights for that purpose ; and on closing the purchase, Conover said that if there were any errors, they were trifling in amount. The inventory with the figures made by the defendants, went to the jury as a part of the proof to enable them to decide whether the error was intentional or accidental.
The court charged the jury that if the defendants intended to cheat and defraud the plaintiff by presenting figures knowing them to be false, and if the evidence satisfied the jury of that, they should find for the plaintiff, otherwise for the defendants. The defendant sought a nonsuit, and afterward a new trial, on the ground that the testimony did not sustain the charge of deceit, and the case comes up on exceptions to the refusal of the court in these respects.
We are not at liberty, on the whole case, to say that the jury erred, or that the evidence is not sufficient to sustain the verdict. Courts are cautious of reversal on this ground, even although they might have decided the other way on the facts' (Wendell v. Safford, 12 N. H., 171 ; Clark v. Whitaker, 19 Conn., 319).
Nor does the case show passion, prejudice, or inattention to their duty on the part of the jury (Cothran *212 v. Collins, 29 How. Pr., 155; Graham v. Waterman, 1 New Trials, 525, 2nd ed).
The judgment and order must be affirmed, with costs.

 Present, J. F. Barnard, P. J., and Talcott and Tappen, JJ.